United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 19, 2004**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03-10766
SUMMARY CALENDAR
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DAVID VALDEZ,

Defendant - Appellant.

_____

Appeal from the United States District Court for the
Northern District of Texas
(2:02-CR-00074-ALL)

_____

Before REYNALDO G. GARZA, HIGGINBOTHAM, and DeMOSS, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:[1]

We review David Valdez's conviction for conspiracy to possess with the intent to

distribute methamphetamine. Valdez argues that evidence seized during the search of his home

and statements made thereafter should be suppressed because the officers' failure to knock and

announce their presence prior to entering his home was not justified by exigent circumstances.

_____

[1]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

-1-

We hold that the district court did not err in determining that officers in this case had a reasonable suspicion that knocking and announcing would likely result in violence or the destruction of evidence, which justified their decision based upon the following articulated facts: (1) Valdez's home was occupied by Delissa and Christopher Valdez, who were both on felony probation, under federal indictment for federal drug offenses, and previously found to be in possession of a firearm during a search of their residence three weeks prior to the execution of the warrant at issue; (2) Delissa Valdez also had a prior arrest for possession of a firearm; (3) surveillance of David Valdez's home the night before the search at issue revealed behavior indicative of drug trafficking; (4) a confidential informant indicated the man in control of the premises was in possession of a large amount of methamphetamine; and (5) methamphetamine users are typically more violent than users of other illegal drugs. *See Richards v. Wisconsin,* 520 U.S. 385, 387 (1997); *United States v. Banks*, 124 S.Ct. 521, 525 (2003). For the foregoing reasons, we uphold the conviction.